# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STEELWORKERS OF AMERICA, AFL-CIO/CLC, | ) ) ) **04 - 12489 WGY** |
| Plaintiff, | ) Civil Action No. _____ |
| v. | ) ) COMPLAINT |
| Pliant Corporation, | ) JURY TRIAL DEMANDED |
| Defendant. | ) SUMMONS ISSUED ) LOCAL RULE 4.1_____ ) WAIVER FORM_____ |

MAGISTRATE JUDGE ___JLA___     **COMPLAINT**

MCF ISSUED_____
BY DPTY. CLK. __M.P.__
DATE __11/24/04__

Plaintiff United Steelworkers of America, AFL-CIO/CLC ("Union"), brings this action to redress Defendant Pliant Corporation's ("Company") violation of the Worker Adjustment and Retraining Notification Act ("WARN"), 29 U.S.C. §2101 et. seq. The Defendant violated WARN by failing to provide sixty days' notice to the Union before permanently shutting down production and closing the Company's Harrisville, Rhode Island facility on September 10, 2004. This suit seeks to compel payment of statutory damages owed to these aggrieved employees under WARN, including backpay and benefits for each day of the violation.

## Parties

1.  Plaintiff Union is the exclusive collective bargaining representative of all production employees at the Harrisville, Rhode Island plant of Pliant Corporation within the meaning of Section 9(a) of the National Labor Relations Act, 29 U.S.C. § 159(a), and is a representative of such employees of the Company within the meaning of WARN, 29 U.S.C. §2101(a)(4). The Union maintains its International Headquarters at Five Gateway Center,

Pittsburgh, Pennsylvania 15222, and provides representation within this judicial district. Plaintiff Union brings this action on behalf of the Company's Union-represented employees who were aggrieved by the Company's violation of the WARN Act described below.

2. Defendant Company operates an industrial plant in Franklin County, Massachusetts, within this judicial district. Defendant Company is a employer within the meaning of the WARN Act, 29 U.S.C. § 2101(a)(1)(A), in that it is a business enterprise employing over 100 employees at its facilities in Harrisville, Rhode Island, and 18 other plants in the United States; all 19 plants in the United States are owned and operated by the Company. The Company also owns and operates eight plants outside the United States.

### Jurisdiction and Venue

3. This Court has jurisdiction of this matter pursuant to the WARN Act, 29 U.S.C. § 2104(a)(5), and pursuant to 28 U.S.C. §§ 1331, 1337.

4. Venue lies within this judicial district pursuant to 28 U.S.C. § 1391.

### Factual Allegations

5. At all times relevant to this action, Plaintiff Union was the recognized collective bargaining agent and exclusive representative of the maintenance and production workers at the Harrisville, Rhode Island plant of the Company. United Steelworkers of America, Local 16031-13 ("Local"), represented these employees for certain limited purposes.

6. The Company's Harrisville, Rhode Island plant constitutes a single site of employment within the Company's larger business enterprise as that term is used within the WARN Act.

7. At all times relevant to this action, the Company had at least 50 full-time employees at its Harrisville, Rhode Island facility.

8. As of July 30, 2004, thirty-eight employees were working in managerial, clerical, maintenance, and production positions at the Harrisville Plant.

9. As of July 30, 2004, eight unit members were on temporary medical leaves of absence. All eight employees remained on the payroll throughout their temporary disability leave, continued to receive health insurance supplied by the Company, and intended to return to work upon their recovery.

10. As of July 30, 2004, four union employees were on lay-off. All four union employees had a reasonable expectation of recall. Lay-offs due to fluctuations in product demand were extremely common at the Harrisville Plant. At the Harrisville plant, the Company made flexible plastic packaging—*i.e.*, plastic film used for a wide variety of uses ranging from food packaging to medical storage. The Company also made this product in other plants, including its facilities in South Deerfield, Massachusetts and Mexico City, Mexico. During the Company's history, it was not uncommon for the Company to shift production from one plant to another, on the basis of demand within regional markets. At various times over the 3 years in which the Company operated the Harrisville Plant, there were generally between four and twelve production workers laid off. Under the Contract between the parties, unit members who have been laid off retained recall rights for 2 years. Three of the four union employees on lay off had been laid off for less than two months; the other had been laid off for less than five months.

12. On or around August 24, 2004, thirty-six employees were working in managerial, clerical, maintenance, and production positions at the Harrisville Plant, eight employees were on temporary disability leave, and six employees were on temporary lay off. As of August 24,

3

2004, the six laid off employees had every reasonable expectation that they would return to work once production increased at the Harrisville plant.

13. On August 25, 2004, the Company announced to the Union and all employees that it intended to permanently shutdown the Harrisville facility, due to the age of the facility and the equipment therein. The Company's announcement stated at production lines would close as of September 30, 2004, and the entire plant would close October 15, 2004.

14. Prior to the Company's August 25 announcement, the Union had no notice that the Company intended to close the Harrisville plant. A new successor contract between the parties had just been executed, as of July 14, 2004, for the period of July 14, 2004 to July 14, 2007. During bargaining in the summer of 2004, the Company did not notify the Union that plant was closing or likely to close. Rather, at the commencement of bargaining, the Company announced that the Harrisville facility, like all other Company facilities, were under review.

15. On September 8, 2004, the Company announced that the production line would shutdown permanently on September 10, 2004 at the end of the second shift (12:00 a.m.); all production workers would be permanently laid off as of September 10, 2004. The Company announced that all other employees of the Harrisville plant would be permanently laid off on or before October 15, 2004.

16. As of September 10, 2004, the production line was permanently closed and the plant was effectively shutdown. The only workers who continued to work at the plant were those who had accepted temporary positions winding down and disassembling the plant or serving as plant guards.

4

17. As a result of the shutdown described in paragraphs 13-16, there were at least 50 affected employees who suffered an employment loss at the Harrisville plant as defined by the WARN Act, 29 U.S.C. §§ 2101(a)(5), 2102(d).

18. The shutdown described in paragraphs 13-15 constitutes a plant closing within the meaning of the WARN Act, 29 U.S.C. § 2101(a)(2).

### Cause of Action

19. The Company failed to provide the notice to the Union mandated by the WARN Act of its intent to order a plant closing 60 days prior to ordering said plant closing, thereby violating the WARN Act, 29 U.S.C. § 2102(a).

WHEREFORE, Plaintiff requests the following relief:

1. That the Court declare that the Defendant has violated its statutory obligations under the WARN Act, and grant judgment for the Plaintiff and against Defendant;

2. That the Court order the Defendant to pay 60 days of wages and other benefits, with pre-judgment interest, to each affected employee in accordance with the WARN Act, 29 U.S.C. § 2104(a)(1);

3. That the Court award Plaintiff its costs and attorney fees;

4. That the Court award Plaintiff such other relief as it deems proper.

Respectfully submitted,

UNITED STEELWORKERS OF AMERICA,
By their attorneys,

/s/ Warren H. Pyle
Warren H. Pyle, BBO #408400
Nicole Horberg Decter, BBO #658268
Pyle, Rome, Lichten, Ehrenberg, & Liss-Riordan, P.C.
18 Tremont Street, 5th Floor
Boston, MA 02108
(617) 367-7200

Dated: November 23, 2004

6

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) **United Steelworkers of America, AFL-CIO/CLC v. Pliant Corporation**

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ___ V.   150, 152, 153.

   **04 - 12489 WGY**

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

   _____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

   YES   (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)

   YES   (NO)

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

   YES   (NO)

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

   YES   (NO)

7. DO **ALL** OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

   YES   (NO)

   A. IF YES, IN WHICH DIVISION DO **ALL** OF THE NON-GOVERNMENTAL PARTIES RESIDE?

   EASTERN DIVISION     CENTRAL DIVISION     WESTERN DIVISION

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

   (EASTERN DIVISION)    CENTRAL DIVISION     WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   **Nicole Horberg Decter**
ADDRESS   **Pyle, Rome, Lichten, Ehrenberg & Liss-Riordan   18 Tremont St., Ste. 500**
TELEPHONE NO.   **617-367-7200**                                    **Boston, MA 02108**

(Cover sheet local.wpd - 11/27/00)

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
United Steelworkers of America, AFL-CIO/CLC

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Nicole Horberg Decter & Warren Pyle
617-367-7200
Pyle, Rome, Lichten, Ehrenberg & Liss-Riordan, P.C.
18 Tremont St., Suite 500, Boston, MA 02108

## DEFENDANTS
Pliant Corporation

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

04-12489-WGY

Attorneys (If Known)
Richard Marcus
312-876-8177
Sonnenschein, Nath, and Rosenthal
8000 Sears Tower, Chicago, IL 60606

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [X] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 362 Personal Injury— Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 365 Personal Injury — Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 |  | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander / [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment |  | [ ] 640 R.R. & Truck |  | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' Liability | [ ] 650 Airline Regs. | [ ] 820 Copyrights | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 340 Marine / **PERSONAL PROPERTY** | [ ] 660 Occupational Safety/Health | [ ] 830 Patent | [ ] 810 Selective Service |
|  | [ ] 345 Marine Product Liability / [ ] 370 Other Fraud | [ ] 690 Other | [ ] 840 Trademark | [ ] 850 Securities/Commodities/Exchange |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / [ ] 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 380 Other Personal Property Damage | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 891 Agricultural Acts |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 385 Property Damage Product Liability |  | [ ] 862 Black Lung (923) | [ ] 892 Economic Stabilization Act |
| [ ] 195 Contract Product Liability |  | [ ] 720 Labor/Mgmt. Relations | [ ] 863 DIWC/DIWW (405(g)) | [ ] 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 864 SSID Title XVI | [ ] 894 Energy Allocation Act |
|  |  | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting / [ ] 510 Motions to Vacate Sentence |  | **FEDERAL TAX SUITS** | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 220 Foreclosure | [ ] 442 Employment / Habeas Corpus: | [ ] 740 Railway Labor Act |  |  |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations / [ ] 530 General |  | [ ] 870 Taxes (U.S. Plaintiff or Defendant) |  |
| [ ] 240 Torts to Land |  | [X] 790 Other Labor Litigation |  | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 444 Welfare / [ ] 535 Death Penalty |  |  |  |
| [ ] 290 All Other Real Property | [ ] 440 Other Civil Rights / [ ] 540 Mandamus & Other | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 890 Other Statutory Actions |
|  |  | [ ] 550 Civil Rights |  |  |
|  |  | [ ] 555 Prison Condition |  |  |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION DEMAND UNDER F.R.C.P. 23

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE 11/24/2004   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**
RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____