IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STEELWORKERS OF AMERICA, ) <br> AFL-CIO/CLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PLIANT CORPORATION, ) <br> ) <br> Defendant. ) | No. 04-12489WGY <br><br> Judge William G. Young |

**DEFENDANT'S MEMORANDUM IN SUPPORT
OF ITS RULE 12(b)(6) MOTION TO DISMISS THE COMPLAINT**

Plaintiff's suit to redress Defendant's purported violation of the Worker Adjustment and Retaining Notification Act (the "WARN Act" or "WARN"), 29 U.S.C. § 2101 *et seq.* must be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure. While the Complaint alleges that Defendant failed to provide 60 days' notice to Plaintiff before Defendant effectuated the shutdown of its Harrisville, Rhode Island facility (the "Plant"), it also sets forth facts which establish that no such notice was required because the shutdown did not result in an employment loss for 50 or more of Defendant's employees within the meaning of the WARN Act. Plaintiff's Complaint must therefore be dismissed because it fails to state a claim upon which relief can be granted by this Court.

**FACTS ALLEGED IN THE COMPLAINT**[1]

Plaintiff, the United Steelworkers of America AFL-CIO/CLC, was the exclusive bargaining representative of all production employees at the Plant within the meaning of Section

---

[1] The facts set forth herein which are taken from Plaintiff's Complaint are undisputed by Defendant only for purposes of this Motion, and are not admitted by Defendant for any other purpose or in any other context.

9(a) of the National Labor Relations Act, 29 U.S.C. § 159(a), and is a representative of such employees of Defendant within the meaning of the WARN Act, 29 U.S.C. § 2101(a)(4). (Compl. ¶¶ 1, 5.)

Defendant is an employer within the meaning of the WARN Act, 29 U.S.C. § 2101(a)(1)(A), in that it is a business enterprise employing over 100 employees at its facilities in the Plant and 18 other plants that it owns and operates throughout the United States. (Compl. ¶ 2.)

The Plant is a "single site of employment" within Defendant's operations as that term is used within the WARN Act. (Compl. ¶ 6.)

The employment complement of the Plant on July 30, 2004, consisted of 50 employees, 38 of whom were working in managerial, clerical, maintenance and production positions, 8 of whom were on temporary medical leaves of absence, and 4 of whom were on temporary layoff. (Compl. ¶¶ 8, 9, 10.)

The employment complement of the Plant on or around August 24, 2004 was still 50 employees, 36 of whom were working in managerial, clerical maintenance, and production positions, 8 of whom were on temporary disability leave, and 6 of whom were on temporary lay-off. (Compl. ¶ 12.)

On August 25, 2004, Defendant announced to Plaintiff and all its employees that it intended to permanently shut down the Plant, due to the age of the facility and the Plant's equipment. (Compl. ¶ 13.) Defendant's announcement stated that the production lines would close as of September 30, 2004, and the entire plant would close October 15, 2004. (Compl. ¶ 13.)

On September 8, 2004, Defendant announced that the production line would be permanently shutdown on September 10, 2004 at the end of the second shift (12:00 a.m.); that all production workers would be permanently laid off as of September 10, 2004; and that all other employees of the Plant would be permanently laid off on or before October 15, 2004. (Compl. ¶ 15.)

As of September 10, 2004, the production line was permanently closed and the Plant was effectively shutdown. Thereafter, however, some workers continued to work at the Plant, *i.e.,* "those who had accepted temporary positions winding down and disassembling the Plant or serving as guards for the Plant." (Compl. ¶ 16.)

Defendant did not provide notice to the Union of its intent to order the closing of the Plant 60 days prior to ordering said plant closing. (Compl. ¶ 19.)

## **RULE 12(b)(6) STANDARD**

When evaluating a motion to dismiss under Rule 12(b)(6), the court must "take the well-pleaded facts as they appear in the complaint, extending [the] plaintiff every reasonable inference in his favor." *Pihl v. Massachusetts Dep't of Educ.*, 9 F.3d 184, 187 (1st Cir. 1993). The Defendant is entitled to dismissal for failure to state a claim only if "it appears to a certainty that the plaintiff would be unable to recover under any set of facts." *Roma Constr. Co. v. a Russo*, 96 F.3d 566, 569 (1st Cir. 1996). On the other hand, in order to withstand a motion to dismiss, the complaint must contain "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 515 (1st Cir. 1988). "The pleadings are not sufficient where the plaintiff rests on 'subjective characterizations' or unsubstantiated conclusions." *Fleming v. Lind-Waldock*

& Co., 922 F.2d 20, 23 (1st Cir. 1990) (citing *Dewey v. University of New Hampshire*, 694 F.2d 1, 3 (1st Cir. 1982), *cert. denied*, 461 U.S. 944 (1983)).

Of particular significance in this case, the Court of Appeals for the First Circuit has "plotted the dividing line between pleading adequate facts and inadequate conclusions," noting that the latter:

> represent the pleader's reactions to, sometimes called 'inferences from,' the underlying facts. It is only when such conclusions are logically compelled, or at least supported, by the stated facts, that is, when the suggested inference rises to what experience indicates is an acceptable level of probability, that 'conclusions' become 'facts' for pleading purposes.

Id. at 24 (*citing Dartmouth Review v. Dartmouth College*, 889 F.2d 13, 16 (1st Cir. 1989)).

In short, in this proceeding this Court "must take all well-pleaded facts as true, but it need not credit a complaint's 'bald assertions' or legal conclusions." *Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1216 (1st Cir. 1996).

## ARGUMENT

Plaintiff cannot demonstrate that Defendant violated the WARN Act by failing to provide it with 60 days advance notice of the closing of the Plant because, according to the allegations of Plaintiff's Complaint, less than 50 of Defendant's employees suffered an employment loss as a result of the closing of the Plant during any 30 day period and there was therefore no "plant closing" within the meaning of WARN necessitating such notice.

The WARN Act states that "[a]n employer shall not order a plant closing or mass layoff until the end of a 60-day period after the employer serves written notice of such an order" on, *inter alia*, labor organizations (like Plaintiff) which represent the affected employees. 29 U.S.C. § 2102(a)(1). WARN defines a "plant closing" as "a permanent or temporary shutdown of a single site of employment…*if* the shutdown results in an employment loss at the single site of

employment during any 30-day period for 50 or more employees." 29 U.S.C. § 2101(a)(2) (emphasis supplied). The WARN Act also specifically defines "employment loss" as:

> "(A) an employment termination, other than a discharge for cause, voluntary departure, or retirement, (B) a layoff exceeding 6 months, or (C) a reduction in hours of work of more than 50 percent during each month of any 6-month period."

Plaintiff's factual allegations, accepted as they must be for purposes of this Motion, establish that for some time prior to September 10, 2004 Defendant employed a total of exactly 50 employees at the Plant and that on September 10, 2004 some, but less than all, of those 50 employees suffered an employment loss when, according to Plaintiff, "the plant was effectively shutdown." Plaintiff's allegations do not, however, establish any basis for Plaintiff's legal conclusion that "[a]s a result of the shutdown described in [Complaint] paragraphs 13-16, there were at least 50 affected employees who suffered an employment loss…as defined by the WARN Act." On the contrary, by alleging that there were "workers who continued to work at the plant" after the September 10 shutdown, Plaintiff effectively concedes that fewer than 50 employees suffered an employment loss as of September 10.[2]

Plaintiff does not allege that those employees whom it characterizes as "workers who continued to work at the plant" ever experienced an employment termination, a layoff exceeding 6 months, or a reduction in hours of work of more than 50 percent. Plaintiff therefore fails to allege any facts from which it could be concluded or inferred that those "workers who continued to work at the plant" ever suffered an "employment loss," much less an employment loss within the critical period defined by Sections 2101(a)(3) and 2102(d) of the WARN Act.

---

[2] The Court is not obliged to ignore facts set forth in the Complaint that undermine the plaintiff's claim. *RJR Services, Inc. v. Aetna Casualty & Surety Co.*, 895 F.2d 279, 281 (7th Cir. 1989)

Because Plaintiff's own allegations establish that less than 50 of Defendant's employees suffered any employment loss as a result of the Plant closing within the period defined by Sections 2101(a)(3) and 2102(d) of the WARN Act, Plaintiff's legal conclusion that "the shutdown described in [Complaint] paragraphs 13-15 constitutes a plant closing within the meaning of the WARN Act" (Compl. ¶ 18) cannot be sustained.  Accordingly, Plaintiff's Complaint based upon a single Cause of Action of failure to provide notice "mandated by the WARN Act" (Compl. ¶ 19) must be dismissed for failure to state a claim upon which relief can be granted.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Respectfully Submitted,

/s/ Susan G. Fentin
Susan G. Fentin, Esq.
BBO No. 632962
Counsel for Pliant Corporation
Skoler, Abbott & Presser, P.C.
One Monarch Place, Suite 2000
Springfield, Massachusetts  01144

Dated:  February 15, 2005      Tel.:  (413) 737-4753/Fax:  (413) 787-1941

Respectfully Submitted,

/s/ Richard L. Marcus
Richard L. Marcus (01761676)
Counsel for Pliant Corporation
SONNENSCHEIN NATH & ROSENTHAL LLP
8000 Sears Tower
233 South Wacker Drive
Chicago, IL  60606

Dated:  February 15, 2005      Tel.:  (312) 876-8000/Fax:  (312) 876-7934

-7-

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that a true and accurate copy of the above document was served upon Plaintiff's counsel, Warren H. Pyle and Nicole Horberg Decter, Pyle, Rome, Lichten, Ehrenberg & Liss-Riordan, P.C., 18 Tremont Street, Suite 500, Boston, MA 02108, by electronic filing and first-class, U.S. mail, postage prepaid on February 15, 2005.

                                             /s/ Susan G. Fentin
                                             Susan G. Fentin, Esq.