IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STEELWORKERS OF AMERICA, AFL-CIO/CLC, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 04-12489 WGY |
| v. | ) ) | COMPLAINT |
| Pliant Corporation, | ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) ) | |

## ANSWER AND ALTERNATIVE DEFENSE TO COMPLAINT

Defendant Pliant Corporation ("Pliant"), by and through its undersigned attorneys, hereby answers and asserts its alternative defense to the Complaint of plaintiff United Steelworkers of America, AFL-CIO/CLC as follows:

### Parties

1.  Plaintiff Union is the exclusive collective bargaining representative of all production employees at the Harrisville, Rhode Island plant of Pliant Corporation within the meaning of Section 9(a) of the National Labor Relations Act, 29 U.S.C. § 159(a), and is a representative of such employees of the Company within the meaning of WARN, 29 U.S.C. §2101(a)(4).  The Union maintains its International Headquarters at Five Gateway Center, Pittsburgh, Pennsylvania 15222, and provides representation within this judicial district. Plaintiff Union brings this action on behalf of the Company's Union-represented employees who were aggrieved by the Company's violation of the WARN Act described below.

**ANSWER:**

Pliant admits the allegations contained in the first and second sentences of paragraph 1 of the Complaint.  Pliant further admits that the plaintiff is bringing this action on behalf of Pliant's union-represented employees, but denies the remaining allegations contained in the third sentence of paragraph 1 of the Complaint.

2.  Defendant Company operates an industrial plant in Franklin County, Massachusetts, within this judicial district.  Defendant Company is a [sic] employer within the meaning of the WARN Act, 29 U.S.C. § 2101(a)(1)(A), in that it is a business enterprise

employing over 100 employees at its facilities in Harrisville, Rhode Island, and 18 other plants in the United States; all 19 plants in the United States are owned and operated by the Company. The Company also owns and operates eight plants outside the United States.

**ANSWER:**

Pliant admits the allegations contained in paragraph 2 of the Complaint to the extent it is understood to mean that Pliant employs over a 100 employees in all of its plants in the United States combined, but denies that it ever employed 100 or more employees at its Harrisville, Rhode Island plant.

### Jurisdiction and Venue

3.   This Court has jurisdiction of this matter pursuant to the WARN Act, 29 U.S.C. § 2104(a)(5), and pursuant to 28 U.S.C. §§ 1331, 1337.

**ANSWER:**

The allegations contained in paragraph 3 of the Complaint are legal conclusions to which no response is required.

4.   Venue lies within this judicial district pursuant to 28 U.S.C. § 1391.

**ANSWER:**

The allegations contained in paragraph 4 of the Complaint are legal conclusions to which no response is required.

### Factual Allegations

5.   At all times relevant to this action, Plaintiff Union was the recognized collective bargaining agent and exclusive representative of the maintenance and production workers at the Harrisville, Rhode Island plant of the Company. United Steelworkers of America, Local 16031-13 ("Local"), represented these employees for certain limited purposes.

**ANSWER:**

Pliant admits the allegations contained in paragraph 5 of the Complaint.

6.     The Company's Harrisville, Rhode Island plant constitutes a single site of employment within the Company's larger business enterprise as that term is used within the WARN Act.

**ANSWER:**

Pliant admits the allegations contained in paragraph 6 of the Complaint.

7.     At all times relevant to this action, the Company had at least 50 full-time employees at its Harrisville, Rhode Island facility.

**ANSWER:**

Pliant denies the allegations contained in paragraph 7 of the Complaint.

8.     As of July 30, 2004, thirty-eight employees were working in managerial, clerical, maintenance, and production positions at the Harrisville Plant.

**ANSWER:**

Pliant denies the allegations contained in paragraph 8 of the Complaint.

9.     As of July 30, 2004, eight unit members were on temporary medical leaves of absence.  All eight employees remained on the payroll throughout their temporary disability leave, continued to receive health insurance supplied by the Company, and intended to return to work upon their recovery.

**ANSWER:**

Pliant denies the allegations contained in paragraph 9 of the Complaint.

10.    As of July 30, 2004, four union employees were on lay-off.  All four union employees had a reasonable expectation of recall.  Lay-offs due to fluctuations in product demand were extremely common at the Harrisville Plant.  At the Harrisville plant, the Company made flexible plastic packaging—*i.e.*, plastic film used for a wide variety of uses ranging from food packaging to medical storage.  The Company also made this product in other plants, including its facilities in South Deerfield, Massachusetts and Mexico City, Mexico.  During the Company's history, it was not uncommon for the Company to shift production from one plant to another, on the basis of demand within regional markets.  At various times over the 3 years in which the Company operated the Harrisville Plant, there were generally between four and twelve production workers laid off.  Under the Contract between the parties, unit members who have been laid off retained recall rights for 2 years.  Three of the four union employees on lay off had been laid off for less than two months; the other had been laid off for less than five months.

**ANSWER:**

Pliant admits the allegations contained in the first, third, fourth, fifth, sixth and ninth sentences of paragraph 10 of the Complaint but denies the allegations contained in the second, seventh and eighth sentences of paragraph 10 of the Complaint.

12.     On or around August 24, 2004, thirty-six employees were working in managerial, clerical, maintenance, and production positions at the Harrisville Plant, eight employees were on temporary disability leave, and six employees were on temporary lay off.  As of August 24, 2004, the six laid off employees had every reasonable expectation that they would return to work once production increased at the Harrisville plant.

**ANSWER:**

Pliant denies the allegations contained in paragraph 12 of the Complaint.

13.     On August 25, 2004, the Company announced to the Union and all employees that it intended to permanently shutdown the Harrisville facility, due to the age of the facility and the equipment therein.  The Company's announcement stated at [sic] production lines would close as of September 30, 2004, and the entire plant would close October 15, 2004.

**ANSWER:**

Pliant admits the allegations contained in the first sentence of paragraph 13 of the Complaint.  Pliant denies the remaining allegations contained in paragraph 13 of the Complaint.

14.     Prior to the Company's August 25 announcement, the Union had no notice that the Company intended to close the Harrisville plant.  A new successor contract between the parties had just been executed, as of July 14, 2004, for the period of July 14, 2004 to July 14, 2007.  During bargaining in the summer of 2004, the Company did not notify the Union that plant was closing or likely to close.  Rather, at the commencement of bargaining, the Company announced that the Harrisville facility, like all other Company facilities, were under review.

**ANSWER:**

Pliant admits the allegations contained in the second sentence of paragraph 14 of the Compliant but denies the remaining allegations contained in paragraph 14 of the Complaint.

15.     On September 8, 2004, the Company announced that the production line would shutdown permanently on September 10, 2004 at the end of the second shift (12:00 a.m.); all

production workers would be permanently laid off as of September 10, 2004. The Company announced that all other employees of the Harrisville plant would be permanently laid off on or before October 15, 2004.

**ANSWER:**

Pliant admits the allegations contained in that portion of the first sentence before the semi-colon of paragraph 15 of the Complaint, but denies the remaining allegations contained in paragraph 15 of the Complaint.

16. As of September 10, 2004, the production line was permanently closed and the plant was effectively shutdown. The only workers who continued to work at the plant were those who had accepted temporary positions winding down and disassembling the plant or serving as plant guards.

**ANSWER:**

Pliant denies the allegations contained in Paragraph 16 of the Complaint.

17. As a result of the shutdown described in paragraphs 13-16, there were at least 50 affected employees who suffered an employment loss at the Harrisville plant as defined by the WARN Act, 29 U.S.C. §§ 21C1(a)(5), 2102(d).

**ANSWER:**

Pliant denies the allegations contained in paragraph 17 of the Complaint.

18. The shutdown described in paragraphs 13-15 constitutes a plant closing within the meaning of the WARN Act, 29 U.S.C. § 2101(a)(2).

**ANSWER:**

Pliant denies the allegations contained in paragraph 18 of the Complaint.

**Cause of Action**

19. The Company failed to provide the notice to the Union mandated by the WARN Act of its intent to order a plant closing 60 days prior to ordering said plant closing, thereby violating the WARN Act, 29 U.S.C. § 2102(a).

**ANSWER:**

Pliant denies the allegations contained in paragraph 19 of the Complaint.

WHEREFORE, Plaintiff requests the following relief:

1. That the Court declare that the Defendant has violated its statutory obligations under the WARN Act, and grant judgment for the Plaintiff and against the Defendant;

2. That the Court order the Defendant to pay 60 days of wages and other benefits, with pre-judgment interest, to each affected employee in accordance with the WARN Act, 29 U.S.C. § 2104(a)(1);

3. That the Court award Plaintiff its costs and attorney fees;

4. That the Court award Plaintiff other such relief as it deems proper.

**ANSWER:**

Pliant denies that plaintiff is entitled to any of the relief requested in its prayer for relief.

### ALTERNATIVE DEFENSE

Pliant acted in good faith with an honest intention to ascertain and follow the dictates of the WARN Act and had reasonable grounds for believing that its conduct was in full compliance with the WARN Act. The court should therefore reduce the amount of any liability or penalty for which Pliant would otherwise be liable, pursuant to WARN, 29 U.S.C.A. § 2104(a)(4).

Respectfully Submitted,

/s/ Susan G. Fentin
Susan G. Fentin, Esq.
BBO No. 632962
Counsel for Pliant Corporation
Skoler, Abbott & Presser, P.C.
One Monarch Place, Suite 2000
Springfield, Massachusetts  01144

Dated: May 6, 2005           Tel.: (413) 737-4753/Fax: (413) 787-1941

|  |  |
|---|---|
|  | Respectfully Submitted, |
|  | /s/ Richard L. Marcus |
|  | Richard L. Marcus (01761676) |
|  | Counsel for Pliant Corporation |
|  | SONNENSCHEIN NATH & ROSENTHAL LLP |
|  | 8000 Sears Tower |
|  | 233 South Wacker Drive |
|  | Chicago, IL  60606 |
| Dated:  May 6, 2005 | Tel.:  (312) 876-8000/Fax:  (312) 876-7934 |

|  |  |
|---|---|
|  | Respectfully Submitted, |
|  | /s/ Tobias E. Schlueter |
|  | Tobias E. Schlueter (6278392) |
|  | Counsel for Pliant Corporation |
|  | SONNENSCHEIN NATH & ROSENTHAL LLP |
|  | 8000 Sears Tower |
|  | 233 South Wacker Drive |
|  | Chicago, IL  60606 |
| Dated:  May 6, 2005 | Tel.:  (312) 876-8000/Fax:  (312) 876-7934 |

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the above document was served upon Plaintiff's counsel, Warren H. Pyle and Nicole Horberg Decter, Pyle, Rome, Lichten, Ehrenberg & Liss-Riordan, P.C., 18 Tremont Street, Suite 500, Boston, MA 02108, by electronic filing and first-class, U.S. mail, postage prepaid on May 6, 2005.

/s/ Susan G. Fentin
Susan G. Fentin, Esq.